[Doc. No. 15]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

```
151 EAST LEAMING AVENUE          :
CONDO ASSOCIATION                :
                                 :
              Plaintiff,         :
                                 :
      v.                         :    Civil No. 14-175 (JS)
                                 :
QBE SPECIALITY INSURANCE CO.,    :
                                 :
              Defendant.         :
_____:
```

**MEMORANDUM OPINION**

This matter is before the Court on the "Motion for Summary Judgment" [Doc. No. 15] and "Motion to Strike the Report of Plaintiff's Expert Charles Wagenhoffer" [Doc. No. 15] filed by defendant QBE Specialty Insurance Company ("QBE"). The Court received the response in opposition from plaintiff 151 East Leaming Avenue Condo Association ("151 East Leaming") [Doc. No. 16] and defendant's reply [Doc. No. 19]. The Court exercises its discretion to decide defendant's motions without oral argument. See Fed. R. Civ. P. 78; L. Civ. R. 78.1. Pursuant to 28 U.S.C. § 636(c), the parties consented to the jurisdiction of this Court to hear the case. [Doc. No. 10]. For the reasons to be discussed, defendant's motion for summary judgment is GRANTED. Defendant's Motion to Strike the Report of Plaintiff's Expert Charles Wagenhoffer is also GRANTED.

**BACKGROUND**

This action concerns whether plaintiff's condominium located at 151 East Leaming Run, Wildwood, New Jersey, is covered by a QBE commercial property policy for alleged property damage which occurred on or about October 29, 2012 during Superstorm Sandy. Plaintiff initiated this civil action in the Superior Court of New Jersey, Law Division, Atlantic City, on November 12, 2013. See Notice of Removal, Ex. B [Doc. No. 1]. Plaintiff's two-count complaint alleges that defendant failed to pay insurance benefits due and owed under its policy and asserts claims for breach of contract and breach of the implied covenant of good faith and fair dealing/bad faith. Id. Plaintiff also seeks attorney's fees and punitive damages. Id. Defendant removed the case to this Court pursuant to 28 U.S.C. § 1332 on January 10, 2014. Id.

The commercial policy at issue contains a water exclusion for the property coverage. See Def.'s Br. Ex. A. Specifically, under the provision "Causes of Loss- Special Form", loss or damage caused by water and/or flood is excluded under section B.1.g. Id. at 2 of 9. After investigating the claim, QBE determined that plaintiff's property loss was caused by a flood and denied plaintiff's claim pursuant to the water exclusion. See Def.'s Statement of Material Facts ¶ 5. Plaintiff contests QBE's determination that its property damage is not covered by its policy. In support thereof plaintiff

2

has submitted the report of Charles Wagenhoffer, an alleged expert contractor who is also a 151 East Leaming condominium owner. See generally Pl.'s Opp. [Doc. No. 16]. Mr. Wagenhoffer's report states that plaintiff's property damage was caused by wind and not water. [Doc. No. 15-3].

On January 31, 2014, defendant moved to dismiss plaintiff's claims for attorneys' fees and punitive damages. [Doc. No. 4]. The Court granted defendant's motion on March 7, 2014. [Doc. No. 11]. In the instant motions, defendant seeks to bar plaintiff's expert and requests entry of summary judgment as to all of plaintiff's remaining claims. In the alternative, defendant seeks to bar plaintiff's expert from testifying at trial. As discussed herein, the Court will grant QBE's motions and enter summary judgment against plaintiff.

**DISCUSSION**

    **1. The Summary Judgment Standard**

Pursuant to Fed. R. Civ. P. 56, summary judgment is appropriate where the court is satisfied that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any . . . demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted). Summary judgment will not lie if the dispute about a material fact is "genuine," that is, if the evidence is such that a reasonable jury

3

could return a verdict in favor of the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The materiality of a fact turns on whether under the governing substantive law, a dispute over the fact might have an effect on the outcome of the suit. Id. The court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party. See Startzell v. City of Phila., 533 F.3d 183, 192 (3d Cir. 2008) (citation omitted).

    The moving party bears the initial burden of informing the court of the basis for its motion and demonstrating the absence of a genuine issue of material fact. Celotex, 477 U.S. at 322-23. Once the burden is met, the burden shifts to the non-moving party to "set forth specific facts showing that there [are] . . . . genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson, 477 U.S. at 250. The party opposing summary judgment may not "rest upon mere allegation[s] or denials of his pleading," but must set forth specific facts and present affirmative evidence demonstrating that there is a genuine issue for trial. Id. at 256-57. Additionally, "if the non-moving party's evidence 'is merely colorable, ... or is not significantly probative, ... summary judgment may be granted.'" Trap Rock Indus., Inc. v. Local 825, Int'l Union of Operating Engineers, AFL-CIO,

982 F.2d 884, 890-91 (3d Cir. 1992) (quoting Gray v. York Newspapers, Inc., 957 F.2d 1070, 1078 (3d Cir. 1992)).

Rule 56(e) further provides that "if a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or (4) issue any other appropriate order." Fed. R. Civ. P. 56(e).

### 2. Policy Interpretation

The interpretation of an insurance policy is a question of law. Powell v. Alemaz, Inc., 335 N.J. Super. 33, 37 (App. Div. 2000). The insured bears the initial burden to show that the claim is "within the basic terms of the policy." S.T. Hudson Engineers, Inc. v. Pennsylvania Nat. Mut. Cas. Co., 388 N.J. Super. 592, 603-04 (App. Div. 2006) (citation omitted). Once this showing is made, "[w]here an insurer claims the matter in dispute falls within exclusionary provisions of the policy, it bears the burden of establishing that claim." Id. While ambiguity must be strictly construed against the insurer so that reasonably anticipated coverage is provided, "exclusions are presumptively valid and will be given effect if specific, plain, clear, prominent, and not

5

contrary to public policy." Travelers Prop. Cas. Co. of Am. v. USA Container Co., C.A. No. 09-1612 (JLL), 2013 WL 3441409, at *4 (D.N.J. July 8, 2013) (citing Princeton Ins. Co. v. Chunmuang, 151 N.J. 80, 95 (1997)).

**3. Expert and Lay Opinions**

Plaintiff intends to use the expert report of Charles Wagenhoffer at trial and in support of its opposition to QBE's motion. Plaintiff also argues that even if the Court disqualifies Mr. Wagenhoffer as an expert his testimony is still useful as a lay witness. Pl.'s Opp. at 11. In opposition, QBE argues that Mr. Wagenhoffer's expert report consists only of impermissible "net opinions" and should be stricken. Def. Br. at 10. Additionally, QBE argues Mr. Wagenhoffer has no stated area of experience with regard to evaluating wind or flood related property loss. Id. Further, QBE argues that Mr. Wagenhoffer's observations as a lay witness do not create a genuine issue of material fact sufficient to preclude the entry of summary judgment. Def.'s Reply at 6-7.

The Court agrees with QBE that plaintiff's expert report offered by Mr. Wagenhoffer should be stricken. In its entirety, Mr. Wagenhoffer's report states:

> The drywall damage of this property was caused by the missing shingles on the roof from hurricane Sandy in 2012. Also the shifting of the door was caused from the strong wind and pressure of the hurricane. This shifting in the door allowed water to penetrate into the interior of the home creating more damage inside the property. If you have any

6

> further questions please feel free to contact us at
> any time.

Expert Report, Def.'s Ex. B. In sum and substance, Mr. Wagenhoffer opines that the damage to plaintiff's property was caused by missing shingles "from hurricane Sandy" [sic] and a shifting door which allowed water to enter the interior. The Court finds that Mr. Wagenhoffer's report does not pass the restrictions on expert testimony required by Federal Rule of Evidence 702. Rule 702 states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed R. Evid. 702. The Third Circuit has explained that Rule 702 "embodies a trilogy of restrictions on expert testimony: qualification, reliability and fit." Schneider ex rel. Estate of Schneider v. Fried, 320 F.3d 396, 404 (3d Cir. 2003) (citation omitted).[1] "Qualification refers to the requirement that the

---

[1] Defendant argues that Mr. Wagenhoffer's report should be stricken as an impermissible "net opinion." Under New Jersey law, the "net opinion" rule forbids the admission into evidence of an expert report which is based on an expert's bare conclusions or which is not supported by factual evidence. Townsend v. Pierre, 221 N.J. 36, 53 (2015). However, the "net opinion" rule is not specifically included in the Federal Rules of Evidence. Rather, "[t]he net opinion rule is merely a restatement of the well-settled principle that an expert's bare conclusions are not admissible under [the fit requirement of]

7

witness possess specialized expertise." Id. Reliability means the testimony is based on methods and procedures of science rather than subjective belief or unsupported speculation. Id.; Fedorczyk v. Caribbean Cruise Lines, Ltd., 82 F.3d 69, 75 (3d Cir. 1996) ("if an expert opinion is based on speculation or conjecture, it may be stricken."). Finally, to show fit, the testimony must be relevant to the case and assist the trier of fact. Id.

Mr. Wagenhoffer's expert report will be stricken because it is based on his subjective beliefs and unsupported speculation and it will not assist the trier of fact.[2] In Hayden v. Westfield Ins. Co., C.A. No. 12-0390, 2013 WL 5781121, at *7 (W.D. Pa. Oct. 25, 2013), aff'd, 586 Fed. Appx. 835 (3d Cir. 2014), the plaintiffs submitted an expert report alleging that the defendant insurance company failed to pay for water damage which was caused by leaks in the roof created by a storm. Id. The insurance company argued that the water damage was caused by prior roof damage and/or deterioration. Id. The Court found that the plaintiffs' expert report did not offer competent evidence because it contradicted itself, did not consider potential roof damage from prior weather events, and was "hopelessly vague and purely conclusory." Id. at

---

Rule 702 of the Federal Rules of Evidence." Holman Enterprises v. Fid. & Guar. Ins. Co., 563 F. Supp. 2d 467, 472 (D.N.J. 2008) (citing Zeller v. J.C. Penney Co., C.A. No. 05-2546, 2008 WL 906350, at *7 n.13 (D.N.J. Mar. 31, 2008)).

[2] Since plaintiff did not provide enough information to determine whether Mr. Wagenhoffer meets the qualification requirement of Rule 702, the Court finds that he is not qualified as an expert. Further, as discussed, Mr. Wagenhoffer's report fails to meet the other two criteria required by Rule 702.

\*8. Based on these deficiencies, the court granted summary judgment in favor of the insurance company. Id.[3] Like the expert report in Hayden, Mr. Wagenhoffer has similarly speculated on the question of causation and has offered no empirical evidence or reasoning to support his opinions. See also Holman Enterprises v. Fid. & Guar. Ins. Co., 563 F. Supp. 2d 467, 473 (D.N.J. 2008) (striking expert report which was filled with legal conclusions and speculation and would not assist the trier of fact); Bordfeld v. Philadelphia Contributionship, C.A. No. A-0335-13T3, 2014 WL 8883192, at \*3 (N.J. Super. Ct. App. Div. May 27, 2015) (affirming entry of summary judgment in breach of insurance contract case where plaintiffs failed to produce competent expert testimony on the issue of liability or damages).

Further, Mr. Wagenhoffer's expert report is unsworn. The Third Circuit has made it clear that an unsworn expert report "is not competent to be considered on a motion for summary judgment." Fowle v. C & C Cola, a Div. of ITT-Cont'l Baking Co., 868 F.2d 59, 67 (3d Cir. 1989) (citing Adickes v. S.H. Kress & Co., 398 U.S.

---

[3] Plaintiff argues that even if the Court determines that Mr. Wagenhoffer's report and testimony as an expert is inadmissible, it has "other witnesses and evidence in the record, capable of establishing the cause of loss at trial." Pl.'s Opp. at 8. Plaintiff misunderstands its burden as the party opposing summary judgment. After the moving party meets its initial burden of informing the court of the basis for its motion and demonstrating the absence of a genuine issue of material fact, which defendant has done (see discussion, infra), the non-moving party must "set forth specific facts and present affirmative evidence demonstrating that there is a genuine issue for trial." Anderson, 477 U.S. at 259. Plaintiff has failed to satisfy its burden.

9

144, 158 n.17 (1970) (unsworn statement does not meet the requirements of Fed. R. Civ. P. 56(e)); Coley v. Cnty. of Essex, C.A. No. 08-4325, 2010 WL 3040039, at *4 n.3 (D.N.J. Aug.4, 2010), aff'd, 462 Fed. Appx. 157 (3d Cir. 2011) ("An unsworn expert report does not constitute evidence in regard to making a summary judgment determination."). Because plaintiff's expert report is not supported by an affidavit or declaration it is "not competent" evidence to be considered in response to defendant's summary judgment motion. Fowle, 868 F.2d at 67. In sum, therefore, since Mr. Wagenhoffer's report consists of unsupported speculation, it will not assist the trier of fact, and is unsworn, the Court will grant defendant's motion seeking to strike plaintiff's expert report.

Even if the Court construes Mr. Wagenhoffer's opinion as one of a lay witness, plaintiff has still failed to set forth sufficient evidence to raise a genuine dispute of material fact. Mr. Wagenhoffer's four-sentence report is purely conclusory. In sum, it states that the drywall damage was caused by missing shingles on the roof and the shifting of the door was caused by strong wind which allowed water to penetrate the interior. Def.'s Ex. B. To name just a few deficiencies, the report makes no effort to rule out other potential causes of the damage, it does not explain the definition of "strong wind", and it concludes without explanation that plaintiff's property damage was caused by

10

"hurricane Sandy in 2012" [sic]. It is plaintiff's burden to prove that its claim is within the terms of its policy. The Court cannot simply rely on plaintiff's bare allegations. Ullmann v. Hartford Fire Ins. Co., 87 N.J. Super. 409, 417 (App. Div. 1965) ("The burden of proving a windstorm is upon plaintiffs, and it will not be proved by their mere say-so."); Gladstone v. Westport Ins. Corp., C.A. No. 10-652 (PGS), 2011 WL 5825985, at *6 (D.N.J. Nov. 16, 2011), aff'd sub nom. Szaferman, Lakind, Blumstein & Blader PC v. Westport Ins. Corp., 518 Fed. Appx. 107 (3d Cir. 2013) (granting insurer's cross-motion for summary judgment where plaintiff did not show claim was covered by the terms of the policy); Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990) ("[U]nsupported allegations ... and pleadings are insufficient to repel summary judgment."); see also Fed. R. Civ. P. 56(e) (requiring nonmoving party to "set forth specific facts showing that there is a genuine issue for trial").

### 4. Plaintiff's Breach of Contract Claim

Plaintiff has failed to meet its initial burden to show that its claim is "within the basic terms of the policy" to substantiate a breach of contract claim. S.T. Hudson Engineers, 388 N.J. Super. at 603-04. The dispute at hand concerns what caused plaintiff's property damage and whether QBE breached its contract in denying plaintiff's claim. Plaintiff asserts that its property damage was

11

caused by wind while defendant asserts it was caused by water and flood, an excluded cause under the policy.

In addition to Mr. Wagenhoffer's report, plaintiff has submitted: (1) a work estimate for Kevin McCann (a unit owner) written by Mr. Wagenhoffer (Pl.'s Opp., Ex. D) and (2) an "activity report" between Kevin McCann and a QBE insurance adjuster, Kelly Moore (Pl.'s Opp., Ex. E). Included in the activity report is the finding of the QBE adjuster who after inspection of the property concluded that while there was damage from floodwaters there was no storm related damage from wind or hail and no storm created opening on the exterior of the property.

As discussed, Mr. Wagenhoffer's expert report is inadmissible. Even considering Mr. Wagenhoffer's report as a lay opinion does not create a genuine dispute of material fact. Mr. Wagenhoffer's unsworn report consists of conclusory allegations, general denials, and vague statements. Accordingly, the report fails to make a sufficient showing to establish the existence of a disputable material fact. Trap Rock Indus., Inc. v. Local 825, Int'l Union of Operating Engineers, AFL-CIO, 982 F.2d 884, 890 (3d Cir. 1992).

Plaintiff's two other submissions, the work estimate and QBE's "activity report", are equally unhelpful. The work estimate, authored by Mr. Wagenhoffer, lists one required repair as "replace missing shingles from hurricane sandy [sic] storm." The work

12

estimate offers no insight as to how the conclusion that the missing shingles were caused by Superstorm Sandy was reached. The estimate further states that various repairs are needed from removing carpet to replacing dry wall. Pl.'s Ex. D. This work estimate offers no competent evidence that the claim is within the terms of the policy.

Additionally, the "activity report" attached as Exhibit E supports defendant's position that plaintiff's damage is not covered by the QBE policy. The "activity report" includes the adjuster's investigation notes and finding that she "[f]ound no visible storm related damage from wind or hail" and found that the shingle damage was "not storm related". Pl.'s Ex. E. This, again, does not help plaintiff to bring its claim within the terms of its policy. As such, plaintiff has failed to show there is a genuine issue for trial. See Zions v. Essex Ins. Co., C.A. No. A-3637-07T1, 2009 WL 1491392, at *3 (N.J. Super. Ct. App. Div. May 29, 2009) (where plaintiffs presented no evidence which would permit a rational factfinder to conclude property damage resulted from wind, summary judgment was "unavoidable"). Accordingly, QBE's motion for summary judgment on plaintiff's breach of contract claim is granted. Like the situation that occurred in Zions, supra, plaintiff has presented no competent evidence to permit a rational factfinder to conclude that wind and not water caused plaintiff's damage. Id. "Given this state of evidence, . . . [QBE] has

13

sustained its burden of showing that the [water] exclusion applies and that summary judgment was properly granted." Id. at *3.

**5. Plaintiff's Bad Faith Claim**

Having determined that plaintiff's breach of contract claim fails as a matter of law, the Court considers plaintiff's tort claim. In New Jersey, all contracts, including insurance contracts, carry an implied term that the parties to the contract will act in good faith. Fireman's Fund Insurance Co. v. Security Insurance Co., 72 N.J. 63 (1976). "[T]o establish a claim for bad faith in the insurance context, a plaintiff must show two elements: (1) the insurer lacked a 'fairly debatable' reason for its failure to pay a claim, and (2) the insurer knew or recklessly disregarded the lack of a reasonable basis for denying the claim." Ketzner v. John Hancock Mut. Life Ins. Co., 118 Fed. Appx. 594, 599 (3d Cir. 2004). "If a claim is fairly debatable, no liability in tort will arise." Pickett v. Lloyd's, 131 N.J. 457, 473 (1993) (citation omitted).

However, in order to establish a bad faith claim, an insured must have been granted summary judgment in their favor on the issue of coverage. Id. at 473 ("Under the 'fairly debatable' standard, a claimant who could not have established as a matter of law a right to summary judgment on the substantive claim would not be entitled to assert a claim for an insurer's bad-faith refusal to pay the claim."); see also Hudson Universal, Ltd. v. Aetna Ins.

14

Co., 987 F. Supp. 337, 342 (D.N.J. 1997) (following Pickett and holding that "an insurer's disclaimer of coverage cannot be held to be in bad faith unless the insured is granted summary judgment on the issue of coverage"). Thus, because QBE has been granted summary judgment as to plaintiff's breach of contract claim, plaintiff's bad faith claim fails as a matter of law. Accordingly, QBE's motion for summary judgment on plaintiff's bad faith claim is granted.

**CONCLUSION**

Accordingly, for all the foregoing reasons, defendant QBE's motion for summary judgment is GRANTED. Defendant's Motion to Strike the Report of Plaintiff's Expert Charles Wagenhoffer is also GRANTED.

An appropriate Order follows.


                                    s/ Joel Schneider
                                    JOEL SCHNEIDER
                                    United States Magistrate Judge

Dated: June 18, 2015

15